# EXHIBIT A

# EXHIBIT A

SUM-100

# SUMMONS BY FAX
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
APR 24 2017
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Lester, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

I.Q. DATA INTERNATIONAL, INC.; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIAN WATKINS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court Santucci Justice Center

**CASE NUMBER:** MCV0067071

10820 Justice Center Drive
Roseville, CA 95678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

**DATE:** APR 2 4 2017      **Clerk, by** C. Lester, **Deputy**

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **I.Q. DATA INTERNATIONAL, INC.**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

APR 24 2017

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Lester, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF PLACER
LIMITED JURISDICTION

BRIAN WATKINS,

    PLAINTIFF,

-vs-

I.Q. DATA INTERNATIONAL, INC.; and DOES 1-10, inclusive,

    Defendant.

CASE NO.:

COMPLAINT MCV0067071

1. Violation of the Fair Debt Collection Practice Act;
2. Violation of the Rosenthal Fair Debt Collection Practices Act;
3. Violation of the Fair Credit Reporting Act; and
4. Violation of California Consumer Credit Reporting Agencies Act

JURY REQUESTED

(Amount Not to Exceed $10,000)

BY FAX

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788 *et seq.* (hereinafter "RFDCPA"), both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter, "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a) (hereinafter, "CA CCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiff, BRIAN WATKINS (hereinafter "Plaintiff"), is a natural person residing in Placer County, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(h), a "consumer" as defined by 15 U.S.C. § 1681a.

3. At all relevant times herein, Defendant I.Q. DATA INTERNATIONAL, INC. (hereinafter "Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c)

4. Furthermore, Defendant regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CA CCRAA. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

5. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff and reported derogatory information on Plaintiff's consumer credit report, all in connection with collection on an alleged debt.

9. Plaintiff does not owe Defendant the alleged debt Defendant was, at all times relevant herein, attempting to collect from Plaintiff.

10. Defendant has attempted to collect an alleged, albeit erroneous, debt originally owed to MONTAGE APARTMENTS (hereinafter, "MA"), in the amount of $4,305.59.

11. However, Plaintiff owes no debt to MA, and the debt Defendant was attempting to collect was and is at all times relevant herein utterly erroneous. Plaintiff signed a release of all liability (hereinafter, "release of liability") for the premises managed or owned by MA in or around July 13, 2015 when he vacated said premises located at 12801 Fair Oaks Blvd., Unit 343, Citrus Heights, CA 95610 in exchange for valuable consideration in the form of Plaintiff's $100 security deposit. The release of liability was signed by MA manager Vanessa Sandoval on or about July 18, 2015.

12. Furthermore, Plaintiff disputed the validity of the debt as early as December of 2016, and in this dispute, Plaintiff provided a copy of the release of liability.

13. Alas, Plaintiff's efforts to notify Defendant of the indisputable and unequivocal invalidity of the debt were to no avail, and Defendant continued its debt collection efforts and erroneous credit reporting.

14. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

15. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f);

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

e) Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1)).

16. Defendant furnished inaccurate and false information to the consumer credit reporting agencies. This has resulted in a negative effect on Plaintiff's credit score.

17. Earlier in 2016, Plaintiff submitted a written dispute to the credit reporting agencies disputing the validity of the reporting furnished by Defendant. Around the same time, Plaintiff sent Defendant a letter requesting a removal of the reporting from the credit agencies.

18. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

19. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

20. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

21. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b. Decreased credit score which may result in inability to obtain credit on future attempts.

    c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

25. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

26. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

27. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

28. As a result of the above violations of the FDCPA, RFDCPA, FCRA, and CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

# COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper.

# COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages;
- B. Statutory damages;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper.

# COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

32. Plaintiff incorporates by reference all of the preceding paragraphs.

33. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and

D.  For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

34. Plaintiff incorporates by reference all of the proceeding paragraphs.

35. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

37. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

38. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Actual damages;
B.  Statutory damages for willful and negligent violations;
C.  Costs and reasonable attorney's fees; and
D.  For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

40. Pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff hereby demands, respectfully of course, a trial by jury on all issues so triable.

Respectfully submitted this 24th day of April, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff